FRANK W. McCLINTOCK, T/A AUTHORIZED VACUUM SER-
VICE, ARTHUR GROSS, GEORGE OWENS, T/A AMERI-
CAN RADIO CO., ARNOLD CONSTABLE, INC.. A DELA-
WARE CORPORATION, AND BERNARD SCHULMAN,
PLAINTIFFS-APPELLANTS, v. CITY OF TRENTON, A
MUNICIPAL CORPORATION OF THE STATE OF NEW
JERSEY, JOHN GRAHAM, AND PARKING AUTHORITY
OF THE CITY OF TRENTON, A PUBLIC BODY CORPO-
RATE AND POLITIC OF THE STATE OF NEW JERSEY,
DEFENDANTS-RESPONDENTS, AND THE GREATER
TRENTON COUNCIL, A NEW JERSEY CORPORATION
NOT FOR PECUNIARY PROFIT, INTERVENING DE-
FENDANT-RESPONDENT.

Argued March 22, 1966—Decided May 2, 1966.

*Mr. Richard M. Glazer* argued the cause for appellants (*Messrs. Kahn, Schildkraut & Levy,* attorneys; *Mr. Nathan N. Schildkraut* and *Mr. Richard M. Glazer,* on the brief).

*Mr. Ronald Berman* argued the cause for respondent City of Trenton (*Mr. Robert R. Ross,* City Counsel, City of Trenton, attorney; *Mr. Ronald Berman,* on the brief).

*Mr. A. Arthur Davis, 3rd,* argued the cause for respondent John Graham (*Messrs. Wharton, Stewart & Davis,* attorneys).

*Mr. John J. Connell* argued the cause for respondent Parking Authority of the City of Trenton.

*Mr. Crawford Jamieson* argued the cause for respondent The Greater Trenton Council (*Messrs. Jamieson, Walsh, McCardell & Moore,* attorneys).

PER CURIAM. The plaintiffs filed a complaint in the Law Division attacking a contract entered into between the City of Trenton acting as the local public agency and John Graham for the sale of land for private redevelopment. They named the City of Trenton, John Graham and the Parking Authority of the City of Trenton as defendants and The Greater Trenton Council was later permitted to intervene as a party defendant. Motions for summary judgment were made by the city and the Parking Authority, and briefs, affidavits and stipulations were filed.

██ In due course, Judge Barlow rendered an opinion granting the motions and ordering the entry of judgments for the defendants and the dismissal of the complaint. We are satisfied that, on any fair view of the record before him, there were no material factual disputes and we affirm his determination essentially for the reasons he expressed. He dealt sufficiently though briefly with the many hypertechnical contentions which the plaintiffs raised and which we consider of insufficient significance to warrant discussion here. He found, and we agree, that the City of Trenton was authorized by statute to act as the local public agency. See *N. J. S. A.* 40 :55C–37; *N. J. S. A.* 55 :14A–56. He also found that *Article* VIII, *Section* III, *paragraph* 1 of the 1947 *Constitution* did not preclude the city's execution of the contract with Graham individually, as distinguished from a private corporation designated by or acting for him; here again we agree with his finding although our respective approaches may differ somewhat in content or emphasis.

*Article* VIII, *Section* III, *paragraph* 1 reads as follows:

"The clearance, replanning, development or redevelopment of blighted areas shall be a public purpose and public use, for which private property may be taken or acquired. Municipal, public or private corporations may be authorized by law to undertake such clear-

ance, replanning, development or redevelopment; and improvements made for those purposes and uses, or for any of them, may be exempted from taxation, in whole or in part, for a limited period of time during which the profits of and dividends payable by any private corporation enjoying such tax exemptions shall be limited by law. The conditions of use, ownership, management and control of such improvements shall be regulated by law."

■ The proceedings of the constitutional convention indicate that this blighted area provision was adopted to remove any doubts with regard to earlier pertinent legislation such as the Redevelopment Companies Law (*L.* 1944, *c.* 169; *N. J. S. A.* 55:14D–1 *et seq.*) and the Urban Redevelopment Law (*L.* 1946, *c.* 52; *N. J. S. A.* 55:14E–1 *el seq.*). See 1 *Convention Proceedings, pp.* 742–744. It was not intended to and did not at all restrict the pre-existing constitutional authority for redevelopment within the broad bounds of the police power. See *Wilson v. City of Long Branch,* 27 *N. J.* 360, 371, *certiorari* denied 358 *U. S.* 873, 79 *S. Ct.* 113, 3 *L. Ed. 2d* 104 (1958); *Redfern v. Board of Com'rs of Jersey City,* 137 *N. J. L.* 356 (*E. & A.* 1948).

■ We do not find anything in the fact that the city's contract was with Graham individually rather than with a corporation designated by or acting for him to suggest any abuse whatever or any disservice to the public interest. Nor do we find any absence of statutory authority as the plaintiffs contend. The Redevelopment Agencies Law (*L.* 1949, *c.* 306; *N. J. S. A.* 40:55C–1 *et seq.*) and the Local Housing Authorities Law (*L.* 1938, *c.* 19; *N. J. S. A.* 55:14A–1 *et seq.*) clearly contemplate that contracts may be entered into with individuals as well as with corporations. *N. J. S. A.* 40:55C–15(d), 25; *N. J. S. A.* 55:14A–41, 42. Both of those laws are properly viewed as applicable and as empowering the city to enter into the contract with Graham individually. Though it is true, as the plaintiffs stress, that *Article* VIII, *Section* III, *paragraph* 1, mentions corporations but not individuals, it may be doubted that there was any deliberate design to so confine it. In any event, we are satisfied that this express grant of constitutional power in nowise impaired the validity

of the wide statutory authority afforded to the city. The legislative grant of authority to the city and the city's action pursuant thereto were well designed to serve the public health, safety or welfare, were well within the police power, and were thus wholly "consonant with both Federal and State Constitutions." *Wilson v. City of Long Branch, supra,* 27 *N. J.,* at *p.* 371; *Redfern v. Board of Com'rs of Jersey City, supra,* 137 *N. J. L.,* at *p.* 359.

Affirmed.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR and SCHETTINO—5.

*For reversal*—None.